IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH DICKSON,          )<br>   Plaintiff,          ) | |
|          ) | |
| v.          ) | CIVIL ACTION No. 24-00145-KD-M |
|          ) | |
| NAVIENT SOLUTIONS, LLC, EQUIFAX     )<br>INFORMATION SERVICES, LLC,          )<br>EXPERIAN INFORMATION          )<br>SOLUTIONS, INC., and TRANS UNION,     )<br>LLC,          )<br>   Defendants.          ) | |

## **ORDER**

This action is before the court on the Motion to Dismiss, With Prejudice, Claims Against Defendant Equifax Information Services, LLC, (Doc. 53), filed by Plaintiff Elizabeth Dickson ("Dickson"). Upon consideration, and for the reasons below, the motion is **granted**.

On May 7, 2024, Plaintiff filed a complaint alleging Fair Credit Reporting Act ("FCRA") violations against Navient Solutions, LLC; Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc.; and Trans Union, LLC. (Doc. 1). On October 2, 2024, Dickson filed a Notice of Settlement of Claims against Equifax, (Doc. 48), stating that the settlement should be finalized within thirty days, at which time Dickson would file a motion for voluntary dismissal with prejudice. On November 1, 2024, Dickson filed a motion to dismiss all of her claims against Equifax with prejudice, with each party to bear its own attorney's fees and costs. (Doc. 53).

Dickson's motion was made pursuant to Fed. R. Civ. P. 41(a)(2). Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The basic purpose of Rule 41(a)(2) is to freely permit the

plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." Versa Prod., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004). "A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." Id. "The court's task is to 'weigh the relevant equities and do justice between the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)).

Here, Dickson and Equifax reached a settlement, and Dickson moves to dismiss all claims against Equifax with prejudice. (Doc. 53). This means that Equifax will not face future litigation of Dickson's present claims. Dickson's motion also provides that each party bear its own attorney's fees and costs. (Id.). It does not appear that Equifax will suffer legal prejudice from this dismissal. Moreover, Dickson's motion explains that its "requested dismissal does not affect any of Plaintiff's claims against any of the other defendants." (Id.). Therefore, it appears there is no risk of prejudice to Defendants if the claims against Equifax are dismissed as requested.

The Motion to Dismiss, With Prejudice, Claims Against Defendant Equifax, (Doc. 53), is **granted**. Dickson's claims against Equifax are **dismissed with prejudice**, with each party to bear its own attorney's fees and costs.

**DONE** and **ORDERED** this **7th** day of **November 2024**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**